UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| BOROS PLUMBING, INC., | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | |
| PLUMBER'S PENSION FUND, LOCAL UNION 130, U.A., PLUMBERS' WELFARE FUND, LOCAL 130 U.A., TRUST FUND FOR APPRENTICE AND JOURNEYMEN EDUCATION AND TRAINING, LOCAL UNION 130, U.A., THE PLUMBING COUNCIL OF CHICAGOLAND, the GROUP LEGAL SERVICE PLAN FUND, | ) | 09 C 5238 |
| Defendants. | ) | |

# MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

There are three motions presently before the court. Plaintiff/Counter-Defendant Boros Plumbing, Inc. ("Boros") has filed two motions: a motion to vacate entry of default and a motion to reinstate its complaint. Defendants/Counter-Plaintiffs Plumber's Pension Fund, Local Union 130, U.A., et al, (collectively "the Funds") have filed a motion for entry of default judgment. For the reasons stated below, the motion to vacate and the motion to reinstate are denied. The motion for entry of default judgment is entered and continued.

## BACKGROUND

On August 25, 2009, Boros instituted this action against the Funds seeking to vacate an arbitration award in the Funds' favor in May 2009. Boros later dropped two of the original parties to the action and submitted an amended complaint on November 20, 2009. On February 1, 2010, the Funds filed an answer to the amended complaint as well as a counter-complaint against Boros seeking enforcement of the arbitration award. On March 9, we held a status hearing for this action. During the hearing, the parties informed the court of their confidence that the entire case would soon be terminated by a settlement agreement. Based on these representations, we entered an order dismissing both the complaint and counterclaim without prejudice. The order also granted both parties leave to reinstate their complaint or counterclaim before June 9; if a party chose not to reinstate the dismissal would be converted to a dismissal with prejudice.

Settlement discussions between the parties stalled and the Funds moved to reinstate their counterclaim against Boros on April 15, 2010. On April 22, we held a hearing on the Funds' motion that Boros' counsel did not attend despite receiving electronic notice. At the hearing, we granted the Funds' motion, instructed Boros to answer the counterclaim by May 13, 2010, and scheduled a status hearing for that date. Though notified electronically of the answer deadline and the status hearing date, Boros did not file an answer by May 13 and its counsel did not attend the status hearing. The

Funds' counsel appeared at the May 13 hearing and successfully moved for entry of default against Boros. The next day, the Funds requested entry of default judgment; we set the matter for a hearing date of June 2, 2010. The day before the hearing, Boros filed motions to vacate the entry of default and to reinstate its complaint. We will discuss each of Boros' motions in turn before considering the Funds' motion for default judgment.

**DISCUSSION**

Boros argues that we should vacate the entry of default against it because its failure to file an answer resulted from a lack of communication between Boros and its counsel. Fed. R. Civ. P. 55(c) allows an entry of default to be set aside for good cause. A party seeking to vacate an entry of default must show good cause for the default, quick action to correct it, and a meritorious defense to the complaint. *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 630 (7th Cir. 2009). Examples of good cause in the default context include inadvertence and the potential imposition of excessive damage awards. *Id*. at 631 (inadverence); *Sims v. EGA Prods., Inc.*, 475 F.3d 865, 868-69 (7th Cir. 2007) (excessive damages). The Seventh Circuit has expressed a policy "favoring trial on the merits over default judgment" that guides our decision in this case.

Boros has not established good cause for its default. Boros asserts that its counsel did not file an answer or appear at hearings because it communicated to its lawyer that

it intended to pursue bankruptcy relief from its creditors. Counsel attributes his misunderstanding to a lack of communication between attorney and client. Communication breakdowns between attorney and client is not a basis for a showing of good cause in the default context. *Pretzel & Stouffer v. Imperial Adjusters, Inc.*, 28 F.3d 42, 45 (7th Cir. 1994); *C.K.S. Eng'rs, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1207 (7th Cir. 1984). It is incumbent on litigants and their counsel to ensure that appropriate and timely communication occurs. Failing to maintain communications does not provide the court with justification for excusing parties from penalties assessed for failing to follow the Federal Rules of Civil Procedure. Because Boros has not set forth good cause for vacating the default, we deny Boros' motion.

Our entry of default against Boros on the Funds' counterclaim necessarily requires that we deny Boros' motion to reinstate their complaint seeking to vacate the original arbitration award. An entry of default against a party establishes that party's liability on the underlying claim. *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995). In this case, the Funds' counterclaim seeks enforcement of the arbitration award, interest, as well as attorneys' fees and costs under the Labor Management Relations Act, 29 U.S.C. § 185, and Employee Retirement Income Security Act, 29 U.S.C. §§ 1132, 1145. Our entry of default against Boros on the counterclaim explicitly confirms Boros' liability for the amount of the award and implicitly affirms the

enforceability of the award itself. In declining to answer or otherwise contest the Funds' counterclaim before the answer deadline, Boros effectively forfeited any potential challenge to the validity of the arbitration award that would render it unenforceable. To reinstate Boros' complaint seeking to vacate the arbitration award would nullify the effect of the entry of default and allow Boros to avoid the consequences of its failure to follow the rules.

Boros seizes on the fact that our dismissal of their complaint allowed for leave to reinstate before June 9, 2010, as support for its motion. A dismissal without prejudice with leave to reinstate allows a party to resurrect his lawsuit without filing a new complaint and paying a filing fee. *United States v. Ligas*, 549 F.3d 497, 503 n.2 (7th Cir. 2008); *Richmond v. Chater*, 94 F.3d 263, 267 (7th Cir. 1996). This particular dismissal condition does not provide an absolute guarantee that a party will be able to reinstate his case. Boros prejudiced its own ability to reinstate its case by choosing to ignore the Funds' counterclaim despite the factual and legal relationship between Boros' own claim and the counterclaim. Under these unique circumstances, Boros cannot rely on our past grant of leave to reinstate to excuse its more recent failings with regard to the Funds' counterclaim. We therefore deny Boros' motion to reinstate.

The Funds' motion for default judgment is entered and continued in order to provide Boros with an opportunity to answer. Boros has fourteen days from the date this opinion issues to file its response to the Funds' motion.

## CONCLUSION

The motion to vacate the entry of default judgment is denied. The motion to reinstate the complaint is also denied. The motion for default judgment is entered and continued.

Charles P. Kocoras
United States District Judge

Dated:   June 23, 2010